(Reap. Dec. 10365)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

Entry No. 34379, etc.

(Decided November 7, 1962)

*Stein & Shostak* for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

JOHNSON, Judge: These appeals for reappraisement have been submitted on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals for reappraisement enumerated in the attached

Schedule of Cases, consists of artificial flowers, exported from Hong Kong; and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and covering of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values plus f.o.b. charges set out on the invoices, but not including the buying commission to Rayman Trading Company, as stated on the invoices.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for a decision on the foregoing stipulation.

On the agreed facts, I find that the export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise covered by the appeals for reappraisement enumerated in the attached schedule and that such values are the invoice unit values, plus f.o.b. charges set out on the invoices, but not including the buying commission to Rayman Trading Co., as stated on the invoices.

Judgment will be rendered accordingly.