(Reap. Dec. 11050)

AUTHENTIC FURNITURE PRODUCTS, INC. v. UNITED STATES

Entry No. 211916.

(Decided August 4, 1965)

*Stein & Shostak* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

NICHOLS, Judge: This appeal for reappraisement is before me on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the appeal for reappraisement enumerated in the attached Schedule of Cases, manufactured by Otsubo Kogyo, consists of chairs and other wood furniture, and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, was the invoice unit values, net packed.

2. That all the merchandise covered by the appeal for reappraisement was entered subsequent to February 27, 1958.

3. That the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

4. That the merchandise and issues involved herein are the same in all material respects as those in *Authentic Furniture Products* v. *United States*, Reappt. No. R61/23233, etc., 51 Cust. Ct. 438, Reap. Dec. 10614, Advance Treasury Decisions, Vol. 98, No. 45, page 113, and that the record in said case may be incorporated with the record herein.

5. That the appeal for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts and on the authority of the decision cited, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise involved herein and that said value is represented by the invoice unit values, net packed.

Judgment will be rendered accordingly.